**DANTE T. PRIDE (SBN 262362)**
*dpride@pridelawfirm.com*
**THE PRIDE LAW FIRM**
2831 Camino Del Rio South, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414

Attorneys for Plaintiff
**OLAN B. ANDREWS JR.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLAN B. ANDREWS JR., an individual,<br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipality; and DOES 1-50, inclusive,<br>Defendants. | Case No. 26-CV-04187-LL-DEB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS COMPLAINT**<br>District Judge: Hon. Linda Lopez<br>Courtroom: 14B<br><br>Magistrate Judge: Hon. Daniel E. Butcher<br>Court Room: 2B<br><br>Hearing Date: September 2, 2026<br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

## I. INTRODUCTION

The City's Motion to Dismiss Memorandum of Points and Authorities (filed June 29, 2026) treats the Complaint as though it alleged only one encounter and then guessed that a municipal policy must exist. It does more. The pleading identifies a specialized downtown bicycle unit, the particular nightlife setting in which it operates, several analogous incidents and notice channels, the practices allegedly tolerated, the precise training and supervision deficiencies at issue, and how those municipal failures

caused the force, arrest, and interference with recording alleged here. *Complaint* (filed June 17, 2026) ¶¶ 19-29, 71-105. Rule 8 does not require Plaintiff to prove those allegations before discovery.

The City is correct that 42 U.S.C. § 1983 does not impose respondeat-superior liability. Plaintiff therefore does not oppose dismissal of the City from Counts One through Three solely to the extent their headings are construed to assert direct or vicarious § 1983 liability against the City. That limited disposition should not affect the claims against the Doe officers or Counts Four through Seven, which allege that the City's own customs and deliberate omissions caused the constitutional violations.

The motion's state-law premise is demonstrably incorrect. It says Plaintiff did not plead California Government Code section 815.2. Mot. to Dismiss at 12-13. Paragraph 6 expressly alleges that every Doe officer acted in the course and scope of City employment and that the City is liable under sections 815.2 and 825(a). The Bane and Ralph Act counts incorporate that allegation. Compl. ¶¶ 6, 106, 115. Because the motion overlooks the pleaded statutory basis for derivative liability, those claims should not be dismissed.

## II. RELEVANT ALLEGATIONS

At approximately 2:30 a.m. on September 13, 2024, Plaintiff stood in a public place and recorded an SDPD encounter that he believed involved officer misconduct. Compl. ¶¶ 9-11. A backup officer approached, pushed him before he could comply, and pepper-sprayed him after he reflexively raised an arm, stepped back, and posed no threat. *Id.* at ¶ 11. The officer then left, returned, accused Plaintiff of battery on an officer, and arrested him. *Id.* at ¶¶ 11-12. Plaintiff was booked and released; no criminal charge was filed. *Id.* at ¶ 13.

The Complaint connects that event to the Gaslamp Enforcement Team, formerly the Downtown Bike Team, a specialized SDPD deployment concentrated in crowded weekend-night encounters. *Id.* at ¶¶ 19-20. It alleges publicized clashes and force incidents involving downtown bicycle officers, a federal filing describing force against

a person engaged in "cop watch" activity, later chemical-agent use against bystanders in the same nightlife area, and repeated internal-affairs findings involving force and unlawful arrests. *Id.* at ¶¶ 21-27. From that factual context, the Complaint identifies the asserted customs: aggressive hands-on tactics, chemical-agent use in dense crowds, escalation against compliant people, retaliation against civilians who record police, and inadequate accountability and training. *Id.* at ¶ 26. It alleges notice to policymakers and a direct causal connection to the shove, pepper spray, retaliatory interference, and arrest here. *Id.* at ¶¶ 27-29, 73-104.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the pleading, not the evidence. The Court accepts well-pleaded facts as true and draws reasonable inferences for Plaintiff. *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). A municipal-liability claim is governed by Rule 8; there is no special heightened pleading rule. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). After *Twombly* and *Iqbal*, the allegations must provide fair notice and plausibly suggest entitlement to relief, but need not prove the claim. *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-38 (9th Cir. 2012); *Starr*, 652 F.3d at 1216-17. Nor does an imperfect label defeat a pleading that states the facts supporting relief. *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (per curiam).

## IV. ARGUMENT

### A. The Complaint plausibly alleges municipal liability.

#### 1. Any relief on Counts One through Three should be limited to dismissing the City from those counts.

Under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 694 (1978), a municipality is liable when its own policy, custom, deliberate omission, or final policymaker decision is the moving force behind a constitutional injury, but not merely because it employs the wrongdoer. The Complaint follows that structure. Counts One through Three allege the false arrest, detention, and First Amendment

retaliation committed by the Doe officers. Compl. ¶¶ 30-58. Counts Four through Seven allege deficient screening, training, supervision, discipline, and customs attributable to the City. *Id.* at ¶¶ 59-105.

Plaintiff does not contend that the City is vicariously liable under § 1983 and does not oppose dismissing the City as a defendant from Counts One through Three on that limited basis. The Court should make clear, however, that such relief does not dismiss the claims against the Doe officers and does not reach Counts Four through Seven. Those counts allege municipal liability based on the City's own conduct under *Monell*, and their sufficiency must be evaluated on their pleaded facts rather than the headings of the officer-level counts.

**2. The policy-and-custom allegations are factual, specific, and causally connected.**

A custom may be shown by practices sufficiently persistent and widespread to have the force of law. *Monell*, 436 U.S. at 690-91. The Complaint does not simply repeat that standard. It identifies: (1) the specialized Bike Team and its concentrated Gaslamp mission; (2) recurring downtown force and recording-related incidents; (3) complaints, internal investigations, public reporting, claims, and lawsuits alleged to have put the City on notice before September 13, 2024; (4) the practices allegedly tolerated; and (5) the manner in which those practices produced the precise injuries alleged. Compl. ¶¶ 19-29, 86-104.

Those allegations plausibly describe more than an isolated mistake. Repeated violations, inadequate investigation, and failure to discipline can support an inference of municipal custom or deliberate indifference. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233-36 (9th Cir. 2011). And the Complaint's later allegations are not legally irrelevant merely because they postdate Plaintiff's injury; post-event evidence may be highly probative of whether a preexisting custom existed. *Henry v. County of Shasta*, 132 F.3d 512, 519-21 (9th Cir. 1997), amended on denial of reh'g, 137 F.3d 1372 (9th Cir. 1998). Whether each reported event was ultimately unconstitutional, whether complaints were sustained, and what policymakers knew are evidentiary

questions. At Rule 12, the Court accepts the pleaded facts and reasonable inferences rather than resolving those disputes in the City's favor.

Causation is also alleged, not assumed. Plaintiff says that the tolerated use of aggressive tactics and chemical agents against compliant people, together with hostility toward civilian recording, directly produced the unprovoked shove, pepper spray, interference with recording, and arrest alleged here. Compl. ¶¶ 28, 91-104. That is a pleaded "direct causal link," not merely the conclusion that misconduct occurred. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

**3. The training, supervision, and discipline theories identify concrete omissions, notice, and causation.**

Municipal failure to train is actionable when the omission reflects deliberate indifference and causes the constitutional violation. *City of Canton*, 489 U.S. at 388-91; *Connick v. Thompson*, 563 U.S. 51, 61-63 (2011). The Complaint identifies the omitted instruction: proportional force, chemical-agent deployment in crowds, the right to record police, reasonable suspicion and probable cause, and de-escalation in nightlife settings. Compl. ¶¶ 73-79. It alleges pre-incident notice from complaints, internal-affairs investigations, reporting, claims, and lawsuits, yet no adequate corrective training. *Id.* at ¶ 74. It then alleges that proper instruction on those specific subjects would have prevented the shove, pepper spray, retaliatory interference, and arrest. *Id.* at ¶¶ 78-80.

The supervision and discipline allegations are similarly concrete: failure to review force patterns, impose proportionate discipline after sustained findings, flag officers with repeated complaints, require remedial training, and enforce directives protecting recording. *Id.* at ¶¶ 84-93. That asserted pattern of inaction allegedly communicated that aggressive tactics and interference with recording would be tolerated. *Id.* at ¶ 88. *Hunter* recognizes that repeated failures to investigate or discipline may support municipal liability. 652 F.3d at 1233-36.

The City's reliance on *Bell v. Williams*, 108 F.4th 809 (9th Cir. 2024), does not support pleading-stage dismissal. *Bell* reviewed a post-trial record and found extensive training on the relevant subjects, with only a narrow alleged gap. *Id.* at 824-26. Here, the Court has no training record; the pleaded facts are that the City failed to provide adequate or corrective instruction on the very subjects implicated in Plaintiff's encounter after recurring notice. The City may contest those facts after discovery, but *Bell* does not permit the Court to assume the opposite now.

**4. The hiring theory should proceed or, at minimum, be amended after identities and records are disclosed.**

A hiring claim is demanding: the particular applicant's background must make the specific constitutional injury a plainly obvious consequence of the hiring decision. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 409-12 (1997). The Complaint alleges on information and belief that one or more involved officers had documented complaints, force incidents, disciplinary investigations, or behavioral indicators tied to aggressive enforcement, disproportionate force, hostility to civilian oversight, and impulse control in crowd encounters. Compl. ¶¶ 61-68. It further identifies the screening sources that allegedly would have revealed those red flags and connects them to the force and retaliation alleged here. *Id.* at ¶¶ 64-68.

The officer identities and personnel materials are presently controlled by the City. Allegations on information and belief may be considered where the facts are peculiarly within the defendant's possession and the surrounding facts make culpability plausible. *Park v. Thompson*, 851 F.3d 910, 928-29 (9th Cir. 2017). Plaintiff recognizes that *Bryan County* requires officer-specific proof. If the Court concludes the present allegations do not yet identify a sufficiently particular pre-hire record, the appropriate disposition is leave to amend after the Doe officers and relevant hiring decisions are identified—not dismissal with prejudice.

**5. Any limitation on ratification does not eliminate the other Monell theories.**

Ratification requires a final policymaker's approval of a subordinate's decision and the basis for it. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Count Seven survives independently on custom, training, supervision, discipline, and deliberate-inaction theories. Thus, even if paragraphs 97 and 101 do not yet identify the final policymaker who approved the particular Doe officer's conduct and its basis, that would justify at most rejecting the ratification theory without prejudice and allowing amendment. It would not support dismissal of Count Seven in its entirety.

**B. The Bane Act claim expressly pleads section 815.2 liability and specific intent.**

The City argues that Plaintiff pleaded only direct municipal conduct and did not invoke Government Code section 815.2. Mot. to Dismiss at 11-12. The Complaint says the opposite. Paragraph 6 alleges that every Doe officer acted within the course and scope of City employment and that the City is liable under section 815.2; Count Eight incorporates that paragraph. Compl. ¶¶ 6, 106. Section 815.2(a) makes a public entity liable for injury caused by an employee acting within the scope of employment when the employee would be liable. The City itself acknowledges that section 815.2 supports vicarious Bane Act liability. Mot. to Dismiss at 12. Its only asserted pleading defect is therefore refuted by the face of the Complaint.

The officer-level Bane allegations are also sufficient. The Act requires interference with a constitutional right by threat, intimidation, or coercion and a specific intent to violate the right. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043-45 (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 801-03 (2017). In an excessive-force case, the coercion need not be independent from the force constituting the constitutional violation. *Reese*, 888 F.3d at 1043. Specific intent may be supported by reckless disregard for the right. *Id.* at 1045.

Plaintiff alleges the officer pushed and pepper-sprayed him despite compliance and lack of threat in order to stop him from recording perceived police misconduct, then returned and arrested him for battery even though Plaintiff had stepped back and

acted defensively. Compl. ¶¶ 10-13, 48-57, 108-114. Those facts plausibly allege intentional coercion directed at the exercise of First and Fourth Amendment rights. Because section 815.2 is expressly pleaded, Count Eight states derivative liability against the City.

**C. The Ralph Act claim likewise pleads derivative City liability.**

The Ralph Act protects against violence or threats of violence because of race or another protected characteristic. Cal. Civ. Code § 51.7(b)(1). Its elements include a violent act, protected-characteristic motive, harm, and causation. *Austin B. v. Escondido Union School District*, 149 Cal. App. 4th 860, 880-81 (2007). Count Nine alleges that Defendants committed violent acts against Plaintiff and that a substantial motivating reason was his race, including the officers' perception of him as an African-American man. Compl. ¶¶ 116-119. The common allegations also state that he was racially profiled, pushed, pepper-sprayed, and arrested. *Id.* at ¶¶ 9-14.

Again, the motion attacks only the absence of direct City conduct and says section 815.2 was not pleaded. Mot. to Dismiss at 12-13. Paragraph 6 expressly pleads course and scope and section 815.2 and Count Nine incorporates it. Compl. ¶¶ 6, 115. At the pleading stage, those allegations state a derivative claim against the City based on the Doe officers' alleged race-motivated violence. Whether Plaintiff can prove motive is a merits question, not a basis for accepting the City's contrary inference on Rule 12.

**D. Any curable defect warrants leave to amend.**

This is the first challenge to the pleading. Leave to amend must be freely given, and dismissal without leave is improper unless amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). The Ninth Circuit applies that policy with "extreme liberality," particularly absent prejudice or bad faith. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). If the Court requires additional detail concerning a particular officer's hiring history, a final policymaker, or the organization of Counts One through Three,

Plaintiff should receive leave to clarify those matters after the City identifies the officers and relevant records.

## V. CONCLUSION

The Court should deny the motion as to Counts Four through Nine. Plaintiff does not oppose dismissing the City from Counts One through Three solely to the extent those counts are construed to impose direct or respondeat-superior liability on the City under § 1983; that limited ruling should not affect the claims against the Doe officers. If the Court finds any municipal theory insufficiently particularized, Plaintiff requests leave to amend. The Bane and Ralph Act claims should remain because the Complaint expressly pleads derivative City liability under Government Code section 815.2.

DATED: August 19, 2026

**THE PRIDE LAW FIRM**

By: ______________________________
DANTE T. PRIDE
Attorney for Plaintiff,
OLAN B. ANDREWS JR.